**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50098 |
| Plaintiff-Appellee, | D.C. No. 2:00-cr-00904-TJH-2 |
| v. | |
| JOSEPH TURNER, AKA Michael W. Daniels, AKA Joseph J. Turner, AKA Joseph NMI Turner, AKA Michael J. Turner, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted March 16, 2022[**]

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Joseph Turner appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Turner contends that remand is warranted because the district court impermissibly treated, or may have treated, U.S.S.G. § 1B1.13 as binding, in contravention of our decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The record shows, however, that the district court was aware of *Aruda*. Moreover, the court assumed it could consider changes in sentencing law, which is not a factor identified in § 1B1.13, as a basis for compassionate release. On this record, it is clear that the court did not treat § 1B1.13 as binding.

Turner also contends that the district court did not sufficiently explain its decision to deny his motion, and wrongly concluded that the 18 U.S.C. § 3553(a) factors did not support compassionate release. But the record reflects that the court understood Turner's arguments and its explanation for the sentence, while terse, was adequate given its familiarity with Turner's case. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018); *United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021). Finally, in light of the record and the deference afforded the district court, we cannot conclude that it abused its discretion in concluding that the § 3553(a) factors did not support compassionate release. *See United States v. Keller*, 2 F.4th 1278, 1281, 1284 (9th Cir. 2021); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**